# EXHIBIT A

## Declaration in Support of Motion

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re<br><br>AKORN HOLDING COMPANY LLC, *et al.*,[1]<br><br>Debtor. | Chapter 7<br><br>Case No. 23-10253 (KBO)<br><br>(Jointly Administered) |
| GEORGE L. MILLER, Chapter 7 Trustee of the bankruptcy estates of Akorn Holding Company LLC, *et al.*,<br><br>Plaintiff,<br><br>v.<br><br>COLDCHAIN TECHNOLOGY SERVICES,<br><br>Defendant. | Adv. Proc. No. 25-50081 (KBO) |

**DECLARATION OF EVAN T. MILLER IN SUPPORT OF**
**PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT JUDGMENT**

The undersigned, being first duly sworn under oath, deposes and states based upon personal knowledge, information, and belief:

1. I am an attorney admitted to practice in the United States Bankruptcy Court for the District of Delaware, among other jurisdictions.

2. I submit this declaration in support of *Plaintiff's Motion for Entry of Default Judgment* pursuant to Federal Rule of Civil Procedure 55(b)(1), made applicable by Federal Rule of Bankruptcy Procedure 7055.

[1] The Debtors in these Chapter 7 Cases, along with the last four digits of each Debtor's federal tax identification number, are: Akorn Holding Company LLC (9190); Akorn Intermediate Company LLC (6123) and Akorn Operating Company LLC (6184). The Debtors' headquarters was located at 5605 CenterPoint Court, Gurnee, Illinois 60031.

3. I represent the above-captioned plaintiff (the "Plaintiff") in the above-captioned adversary proceeding (the "Adversary Proceeding") and have personal knowledge of the facts set forth in this declaration.

4. On February 10, 2025, Plaintiff commenced the Adversary Proceeding by filing the Complaint in the United States Bankruptcy Court for the District of Delaware (the "Court"). Through Counts I through IV of the Complaint, Plaintiff seeks to recover amounts owed to Plaintiff on account of preferences, or, in the alternative, constructive fraudulent transfers, to recover the value of the transfers so avoided, plus interest and costs, and to disallow any proofs of claim filed by Defendant.

5. Plaintiff sought the recovery of $23,110.28 from the Defendant. *See* Complaint at ¶ 16. On June 13, 2025, Plaintiff served the Complaint, together with the Alias Summons issued on June 13, 2025 [Adv. D.I. 6] (the "Alias Summons"), on Defendant by First Class Mail at the address listed on the Certificate of Service filed in the Adversary Proceeding [Adv. D.I. 6] (the "Certificate of Service").

6. Pursuant to Bankruptcy Rule 7012(a) and the Alias Summons, as modified by the *Order Establishing Streamlined Procedures Governing Adversary Proceedings with Total Amount in Controversy Less Than $75,000.00 Brought by Plaintiff Pursuant to Sections 502, 547, 548, and 550 of the Bankruptcy Code* [D.I. 1407] (the "Procedures Order"), Defendant was required to file an answer or other responsive pleading to the Complaint within ninety days following issuance of the Alias Summons, on or before September 11, 2025. [Adv. D.I. 6].

7. As of the date hereof, Defendant has not served or otherwise delivered an answer or other pleading responsive to the Complaint to Plaintiff or his undersigned counsel. In addition, counsel for Plaintiff has examined the Court's docket in the Adversary Proceeding and no response

or appearance by Defendant is reflected thereon. As of the date of this Motion, there have been no communications to Plaintiff's undersigned counsel from the Defendant or any behalf of the Defendant.

8. Accordingly, on November 5, 2025, Plaintiff filed *Plaintiff's Request for Entry of Default* [Adv. D.I. 10] (the "Request") in the Adversary Proceeding. Pursuant to Federal Rule 55(b)(1), made applicable to this Adversary Proceeding by Bankruptcy Rule 7055, the *Declaration of Paige N. Topper in Support of Plaintiff's Request for Entry of Default* (the "Topper Declaration") was attached to the Request as Exhibit A. The Complaint, Summons, and Certificate of Service were attached as Exhibit 1 to the Miller Declaration. Pursuant to Local Rule 7055-1, Plaintiff served the Request on Defendant by certified United States Mail.

9. On November 6, 2025, the Clerk of Court entered the *Entry of Default* [Adv. D.I. 11] against the Defendant in response to the Request.

10. By this Motion, Plaintiff requests entry of default judgment pursuant to Federal Rule 55 and Bankruptcy Rule 7055 with respect to each count of the Complaint, plus post-judgment interest pursuant to 28 U.S.C. §1961.

11. Pursuant to Local Rule 7055-1, a copy of this Motion will be served on Defendant at the address listed on the attached certificate of service by United States First Class Mail.

12. To the best of my knowledge and belief, based upon the documents in our files and records, and based on the business entity status of Defendant, Defendant is not an infant, an incompetent person, nor engaged in military service.

13. Pursuant to Rule 7055-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), a copy of the Plaintiff's Request for Entry of Default, together with a copy of the related declaration and all

attachments thereto, was served on Defendant at the address listed on the Certificate of Service by certified United States Mail.

I declare under the penalty of perjury of the laws of the United States of America that the foregoing is true and correct to the best of my knowledge.

Executed on October 22, 2026 at Wilmington, Delaware.

*/s/ Evan T. Miller*
Evan T. Miller